<u>**NOT FOR PUBLICATION**</u>

R E C E I V E D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOV 1 7 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

---

ARNE EDWARD OLSEN,

        Plaintiff,

        v.

CITI BANK LEGAL DEPT.,

        Defendant.

---

Civil Action No. 15-2190 (MAS) (LHG)

**MEMORANDUM OPINION**

---

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Defendant Citibank, N.A.'s, improperly pled as Citi Bank Legal Dept. ("Citibank"), motion to dismiss Plaintiff Arne Edward Olsen's ("Olsen") Complaint for failure to state a claim pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Olsen opposed the motion (ECF No. 12), and Citibank replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Citibank's motion to dismiss is granted.

**I.    <u>Background</u>**

Olsen filed this action in the New Jersey Superior Count, Law Division, Special Civil Part, following the Federal Trade Commission's ("FTC") investigation and prosecution of an internet business opportunity scheme in which Olsen was defrauded. (Compl. Attach. I-A, 4-5, ECF No. 1-1.) Through this action, Olsen seeks protection as an "identity theft victim" for "unauthorized" use of his Citibank credit card for purchases he made but from which he received "no benefit." (*Id.* at 1, 6.) In June and August of 2012, Olsen was contacted by two online companies regarding

establishing an internet business that would produce short term results and develop into a significant business. (*Id.* at 5.) Olsen invested money with Money Now Funding, or its affiliates, for different services to setup his internet business. (Compl. Attach. II-A, ¶¶ 2-4.) Specifically, Olsen used his Citibank credit card in July, August, and October 2012 to make such purchases. (*Id.* ¶ 4; Compl. Attach. III-A.) After learning of the fraud and the FTC action, Olsen submitted a request for restitution in the FTC action. (*See generally* Compl. Attach. II-A.)

By correspondence dated November 12, 2013, Olsen notified Citibank that he disputed the July, August, and October 2012 charges, in the approximate amount of $16,000. (Compl. Attach. III-A.) Citibank responded, by correspondence dated November 21, 2013, stating that because Olsen did not dispute the charges within sixty days of his billing statement that contained each charge as required under the Truth in Lending Act, Citibank would not credit his account for the charges. (*Id.*)

Olsen filed his Complaint on February 23, 2015, and Citibank removed it to this Court on March 27, 2015.    In his Complaint, Olsen asserts claims against Citibank under five different laws: (1) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; (2) Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and Regulation Z; (3) New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 to -80; (4) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681; and (5) FTC's Business Opportunity Rule ("BOR"), 16 C.F.R. Part 437. (*See generally* Compl.) The thrust of Olsen's claim is that the charges he made using his Citibank credit card were "unauthorized" because he did not receive a benefit, and thus, Citibank cannot impose liability for the charges on him.

2

## II.    Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Additionally, in determining the sufficiency of a pro se complaint, the court must be mindful to accept its factual allegations as true and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The "[c]ourt need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at \*1 (D.N.J. Sept. 10, 2010).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). During this last step, the court may consider documents attached to the complaint or explicitly referenced in the complaint. *See In re*

3

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "any document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment").

## III.   Analysis

### A.   Fair Debt Collection Practices Act

Olsen alleges that Citibank violated section 805(c) of the FDCPA by calling him 235 times after he sent a cease and desist letter. (Compl., Br. Statement of Pl.'s Claims.) Citibank argues that Olsen's FDCPA claim fails as a matter of law because the FDCPA only applies to debt collectors and Citibank is a creditor. (Def.'s Moving Br. 5-6, ECF No. 6-1.) In response, Olsen states that "Citibank N.A. claims not to be a bill collector, but while not a bill collector for [Money Now Funding], Cardmember Services is requesting payment of charges that originate from a fraudulent source." (Pl.'s Opp'n Br. 3, ECF No. 12.)

The FDCPA distinguishes between "debt collectors" and "creditors." *See* 15 U.S.C. § 1692a(4), (6). Under the FDCPA, a "debt collector" is broadly defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." § 1692a(4). "The Third Circuit distinguishes between 'creditors' and 'debt collectors' under FDCPA, explaining that '[t]he FDCPA's provisions generally apply only to debt collectors.'" *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 183-84 (D.N.J. 2012) (quoting *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130 n.4 (2009)). "Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA." *Pollice v. Nat'l Tax*

4

*Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (citing *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act. . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.")).

Citibank is not a debt collector for purposes of the FDCPA. Olsen alleges that Citibank, or its representative, called him regarding the balance on his account. Based on these allegations, Citibank is a creditor who extends credit creating a debt and, as such, is allowed to collect that debt under its own name without being subject to the FDCPA. Construing the allegations in the Complaint as true and viewing them in the light most favorable to Olsen, his Complaint does not allege facts sufficient to demonstrate that Citibank meets the definition of a debt collector under the FDCPA. Accordingly, Olsen's FDCPA claim is dismissed with prejudice as permitting amendment would be futile given Citibank's status as a creditor not subject to the FDCPA.

## B.     Truth in Lending Act

Olsen alleges that the TILA shields him from liability for the "unauthorized use" of his credit card in relation to the purchases he made through Money Now Funding and its affiliates. Citibank argues that Olsen's claim under the TILA fails as a matter of law because he authorized the transaction. (Def.'s Moving Br. 8-9.) In response, Olsen asserts that the use was unauthorized because he did not receive a benefit and "breach of the merchant-consumer relationship is an unfair practice that requires the card holder to assert claims against the card issuer, in order to reach any satisfaction or protection from fraud." (Pl.'s Opp'n Br. 8-9.)

5

Section 1643 of the TILA "limits the liability of cardholders, under certain circumstances, to a maximum of $50 for unauthorized charges." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 175 (3d Cir. 2008). The TILA defines "unauthorized use" as the "use of a credit card *by a person other than the cardholder* who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p) (emphasis added). Here, Olsen admits in his complaint that he made the transactions in question, but argues that at the time he made the transactions he did not know of the fraud Money Now Funding was perpetrating. The conduct Olsen alleges does not fit within the definition of "unauthorized use" as he personally made the transactions. Additionally, Olsen has not provided, and this Court cannot independently find, any authority for extending the definition of unauthorized use to the set of facts Olsen has alleged. Olsen is asking this Court to "save [him] from [himself]" and "impose a duty on banks to act not as self-interested, adversarial business partners, but to act as paternalistic friends, who will tell borrowers when they risk peril." *Jatras v. Bank of Am. Corp.*, No. 09-3107, 2010 WL 1644407, at *4 (D.N.J. Apr. 22, 2010). The Court will not extend the bounds of the TILA on these facts. Accordingly, Olsen's TILA claim is dismissed with prejudice as permitting amendment would be futile.

## C.     New Jersey Consumer Fraud Act

Olsen alleges that Citibank violated sections 56:8-1 and 56:8-2 of the NJCFA without providing any additional allegations. Citibank argues that Olsen's claim under the NJCFA fails as a matter of law because no omission, misrepresentation, or statutory violation occurred in connection with the sale or advertisement of merchandise. (Def.'s Moving Br. 7.) In response, Olsen argues that he is not alleging a misrepresentation or omission on the part of Citibank, but instead seeks to hold Citibank liable for the fraud committed by Money Now Funding: "As a

6

consumer bewildered by the intensive and coordinated assault indulged in by [Money Now Funding], how this group of individuals was able to remain an entirely valid business proposition, is perhaps, promulgated by the interest debt created and benefiting Citibank." (Pl.'s Opp'n Br. 6-7.)

To state a claim under the NJCFA a plaintiff must show "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Jatras*, 2010 WL 1644407, at \*5. Olsen seeks to hold Citibank responsible for the fraud that was committed against him by Money Now Funding based on an assignor/assignee relationship. (Pl.'s Opp'n Br. 6-7.) Olsen, however, has not pled, nor provided support for, any such relationship between Citibank and Money Now Funding.   Accordingly, Olsen's NJCFA claim is dismissed with prejudice as permitting amendment would be futile.

### D.      Fair Credit Reporting Act

Olsen alleges that he is a victim of identity theft and is entitled to the protections of section 605(c) of the FCRA, specifically the continued collection of debts that result from identity theft. Citibank argues that Olsen's claim under the FCRA fails as a matter of law because § 1681s-2(a) does not create a private right of action and Olsen fails to plead sufficient facts to state a claim under §1681s-2(b).  (Def.'s Moving Br. 9-10.)  In response, Olsen argues that under § 1681s-2, Citibank failed to verify the charges on Olsen's account.

Olsen's claim under the FCRA fails as: (1) there is no private right of action under § 1681s-2(a), *see Simmsparris v. Countrywide Fin Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); and (2) the duties imposed by § 1681s-2(b) apply only where "a creditor [is] notified by a credit reporting agency that a consumer has disputed information furnished by that creditor," *Barker v. Capitol*

7

*One Bank (USA), N.A.*, No. 12-971, 2012 WL 5930094, at \*2 (S.D. Ind. Nov. 26, 2012). Here, Olsen clearly alleges in his Complaint and the attached documents that he sent correspondence to Citibank requesting documentation and proof of the validity of the subject charges on his account. Olsen does not allege that he disputed the information with a credit reporting agency or that a credit reporting agency notified Citibank. (Compl., Attach. III-B.) Accordingly, Olsen's CRA claim is dismissed with prejudice as permitting amendment would be futile.

### E. Business Opportunity Rule

Olsen alleges that Citibank is liable under the BOR as a "representative" of Money Now Funding because Money Now Funding misrepresented how much money Olsen could make. Citibank argues that Olsen's claim under the BOR fails as a matter of law because Citibank is not a seller under 16 C.F.R. § 437.1 of the BOR. (Def.'s Moving Br. 11-12.) In response, Olsen argues that the BOR applied to Citibank "indirectly" without providing any further justification. (Pl.'s Opp'n Br. 10.)

The BOR establishes certain disclosures a "seller" must make "[i]n connection with the offer for sale, sale, or promotion of a business opportunity." 16 C.F.R. §§ 437.2 to -.3. A seller is defined as "a person who offers for sale or sells a business opportunity." § 437.1(q). Olsen does not allege that Citibank is a seller under the BOR. Additionally, Olsen does not provide any support for finding that the BOR should apply to Citibank "indirectly" or as a "representative" of Money Now Funding. Accordingly, Olsen's BOR claim is dismissed with prejudice as permitting amendment would be futile.

8

## IV.     Conclusion

For the reasons set forth above, Citibank's motion to dismiss is granted.  An order consistent with this Memorandum Opinion will be entered.

_Mashipp_

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 16, 2015

9